UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.          **MEMORANDUM OF LAW & ORDER**
                Criminal File No. 11-87 (MJD/JJK)
                Civil File No. 13-730 (MJD)

(5) FAWSIYO HASSAN FARAH,

    Defendant-Petitioner.

Lola Velazquez-Aguilu, Assistant United States Attorney, Counsel for Plaintiff-Respondent.

Fawsiyo Hassan Farah, pro se.

## I. INTRODUCTION

This matter is before the Court on Petitioner Fawsiyo Hassan Farah's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Docket No. 931]

## II. BACKGROUND

On March 8, 2011, Petitioner Fawsiyo Hassan Farah was indicted in a bank fraud conspiracy case. [Docket No. 34] A Superseding Indictment was filed on June 7, 2011. [Docket No. 389] Petitioner was indicted on Count 1, bank fraud

conspiracy; Count 9, bank fraud; Count 28, bank fraud; and Count 46, aggravated identity theft.

On August 15, 2011, Petitioner Fawsiyo Hassan Farah pled guilty to Count 9 of the Superseding Indictment, Bank Fraud, in violation of 18 U.S.C. §§ 1344, 2; and Count 46 of the Superseding Indictment, Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A, 2.

At the July 18, 2012 sentencing hearing, the Court determined that the applicable Guidelines were as follows:

|  |  |
|---|---|
| Total Offense Level: | 14 |
| Criminal Category: | I |
| Imprisonment Range: | 15 to 21 months, plus 24 months consecutive on Count 46 |
| Supervised Release: | 2 to 5 years |
| Fine Range: | $4,000 to $1 million |
| Special Assessment: | $200 |

The Court then varied downward and sentenced Defendant to a term of 33 months, consisting of 9 months on Count 9 and 24 months on Count 46, to be served consecutively.

Petitioner did not file an appeal.

## III.   DISCUSSION

### A.   Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B. Ineffective Assistance of Counsel Standard

In order to gain relief for ineffective assistance of counsel, Petitioner must establish both that her counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced her defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). The burden is on Petitioner to establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687). The Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076.

Counsel's performance is deficient if it falls outside of the "wide range of reasonable professional assistance," although there is a strong presumption that counsel's conduct falls within this broad spectrum. Strickland, 466 U.S. at 689. "Counsel's performance is deficient when it is less competent than the assistance that should be provided by a reasonable attorney under the same

4

circumstances." Chambers v. Armontrout, 907 F.2d 825, 828 (8th Cir. 1990) (citing Strickland, 466 U.S. at 687).

### C. Petitioner's Stated Grounds for Relief

Petitioner lists five grounds for her habeas petition. First, Petitioner asserts that her conviction was obtained through a guilty plea that "was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea." Second, she asserts "[i]neffective [a]ssistance of [c]ounsel." Third, she asserts that she was coerced to sign a plea agreement confessing to crimes she did not commit and that the plea offer was twice as high as the first plea offer she had received. Fourth, she claims that her attorney failed to seek the safety valve, which constituted ineffective assistance at sentencing. Fifth, Petitioner asserts that her attorney was ineffective because he did not request that her sentences run concurrent pursuant to U.S.S.G. § 4A1.2(a)(2). Furthermore, Petitioner asserts that she failed to file an appeal because her attorney failed to advise her of the time limit for filing a notice of appeal and told her that she needed money to appeal.

### D. Whether Petitioner's Guilty Plea Was Made Knowingly and Voluntarily

Petitioner asserts that her guilty plea was involuntary and that she did not understand the nature of the charges against her or the consequences of her guilty plea. She asserts that the plea agreement that she signed contained a higher sentence than the first plea offer that she did not accept. She further asserts that she was coerced into admitting to crimes that she did not commit.

The Court holds that the record indisputably establishes that Petitioner's guilty plea was knowing and voluntary. During the change of plea hearing, the Government went over the contents of the Plea Agreement in detail. (Plea Tr. 2.) Petitioner acknowledged that Count 9, bank fraud, had a maximum term of imprisonment of up to 30 years. (Id. 3.) She acknowledged that Count 46, aggravated identity theft, had a statutory penalty of 24 months consecutive to the prison term imposed for Count 9. (Id. 4.) She acknowledged her understanding that the Sentencing Guidelines were advisory, and that the Court would ultimately decide her sentence. (Id. 5-6.) She understood that her total offense level for Count 9 was a 14, that her criminal history was level I, and that the resulting imprisonment range was 15 to 21 months, and that Count 46 had a statutory 24-month consecutive term. (Id. 7.)

The Court questioned Petitioner under oath, and she stated that she did wanted to plead guilty to Counts 9 and 46; that she had had enough time to discuss the Plea Agreement with her attorney; and that she was satisfied with her attorney's representation and his explanation of the Plea Agreement. (Pl. Tr. 9.) She stated that she understood and "agree[d] with everything" in the Plea Agreement. (Id. 10.) She acknowledged that there would be no trial; she waived her constitutional rights regarding a trial; and she acknowledged that her right to appeal would be limited to the length of the sentence alone. (Id. 10-13.) The Court specifically asked Petitioner if she had been threatened or if any promises had been made to her other than what was stated in the Plea Agreement. (Id. 13.) Petitioner stated, "No, your Honor." (Id.)

Petitioner's sworn statements further establish that she was satisfied with her attorney's representation, and had had enough time to talk to him about whether she should go to trial, any defenses she might have, and the evidence that the Government had against her. (Pl. Tr. 14.)

Petitioner's own sworn statements at the plea hearing, as well as the signed Plea Agreement, establish that she was aware of the contents of the Plea Agreement, the nature of the charges against her, and the possible consequences

7

of her guilty plea, including the fact that Count 46 carried a mandatory consecutive 24-month term.  Furthermore, her sworn statements establish that she was not coerced into signing the Plea Agreement, and that her guilty plea was knowing and voluntary.

The Court rejects Petitioner's collateral attack on her guilty plea because her claims are completely contradicted by her sworn statements made during the change of plea hearing.  See Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997); Pennington v. Housewright, 666 F.2d 329, 331 (8th Cir. 1981).

Additionally, the Court rejects Petitioner's claim that she was coerced into confessing crimes that she did not commit.  As the Court has already discussed, Petitioner testified under oath that she was not coerced into pleading guilty.  Moreover, under oath, she admitted that she was guilty of the offenses charged.  She explicitly admitted that from 2006 through 2010 she was a personal banker and branch manager.  (Pl. Tr. 16.)  She established the factual basis for Count 9 when she admitted that, on November 17, 2009, while she was working as a banker at Wells Fargo Bank, she schemed with others to defraud Wells Fargo to obtain money owned by Wells Fargo under false pretenses and assisted others to open two bank accounts using an identity with the initials "D.B."  (Id. 16-17.)

8

She admitted that she knew or had reason to know that D.B.'s identity was stolen. (Id. 17.) Petitioner established the factual basis for Count 46 when she admitted that she knew the identity of D.B. was a real person, she used the identity without the permission of D.B., and that she and others used that identity to commit bank fraud. (Id. 17-18.) As previously discussed, Petitioner testified that she had fully discussed the case with her attorney and was not coerced or promised anything other than what was in the Plea Agreement. Petitioner's belated and barebones claim that she did not commit the crimes to which she pled guilty is insufficient to overcome the strong presumption of truth of her prior statements made during the guilty plea hearing. See, e.g., Nguyen, 114 F.3d at 703-04; United States v. Bear, No. 1:09–cr–040, No. 1:11–cv–009, 2011 WL 1832530, at *4 (D.N.D. May 13, 2011). Finally, the Petitioner does not state a claim for relief based on her vague assertion that there was some earlier plea agreement that offered a lesser sentence. She does not allege that she was prevented from entering this previous agreement. The record establishes that she entered the final Plea Agreement knowingly and voluntarily and that she was satisfied with her current counsel's representation.

    E.    **Whether Petitioner Received Effective Assistance of Counsel at the Sentencing Hearing**

9

Petitioner asserts that her counsel was ineffective because he failed to request that the Court apply the safety valve, U.S.S.G. § 5C1.2, 18 U.S.C. § 3553(f). The safety valve provision only applies to certain drug offenses; it does not apply to Petitioner's convictions for bank fraud and aggravated identity theft. See id.; United States v. Soto, 448 F.3d 993, 995 (8th Cir. 2006).

Petitioner also claims that her sentences on Count 9 and Count 46 should have run concurrently because the offense conduct occurred on the same occasion and both offenses were part of a single common scheme or plan. See U.S.S.G. § 4A1.2(a)(2). The portion of the Sentencing Guidelines to which Petitioner cites relates to the computation of criminal history and prior sentences. Id. Petitioner's criminal history category was I; therefore, § 4A1.2(a)(2) does not apply to Petitioner's case. Moreover, by statute, Count 46 required a 2-year sentence, to be served consecutively to any sentence on Count 9.

The Court notes that defense counsel made several arguments in support of a sentence of time served, he advocated vigorously and competently for Petitioner, and the Court varied downward in imposing Petitioner's sentence. Petitioner cannot show that her attorney's representation at sentencing was inadequate. Nor can she show that she would have received a more favorable

sentence than the sentence imposed if her counsel had made a different argument.

### F. Whether Petitioner Was Aware of Her Right to Appeal

Petitioner asserts that her defense counsel was ineffective because he failed to inform her of her right to appeal and the deadline for filing a notice of appeal and told her that she could not appeal if she did not have money. Petitioner cannot show prejudice because, even if her counsel did fail to inform her of her right to appeal and the deadline for filing the notice of appeal, and, as retained counsel, required money from Petitioner before he would represent her on appeal, the Court clearly informed Petitioner of her appeal rights during her sentencing:

> If you feel the Court has not followed the law in the imposition of your sentence, you have a right to appeal your sentence to the Eighth Circuit Court of Appeals, which sits in St. Louis, Missouri. You have 14 days from today's date to file your notice of appeal to that court.
>
> Counsel will be your attorney on that appeal. If you do not wish to have counsel on your appeal, you have a right to represent yourself or hire your own attorney, but in any event, you have to give notice to the Court of Appeals that -- within 14 days that you are going to appeal my sentence based on the law or the Constitution. Do you understand that?

(Sent. Tr. 9.)

Petitioner acknowledged that she understood the Court's explanation, which included her right to appeal, her ability to represent herself or hire another attorney for the appeal, and the deadline to appeal. (Id.) Thus, Petitioner's claim is refuted by the record and shall be dismissed without an evidentiary hearing. See Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105-06 (8th Cir. 2011); Walters v. Harris, 460 F.2d 988, 990 (4th Cir. 1972), overruled on other grounds by United States v. Whitley, 759 F.2d 327 (4th Cir. 1985). Moreover, given the Court's discussion of the claims raised in Petitioner's habeas petition, Petitioner is unable to show any viable issue that could have been raised on appeal if she had filed a direct appeal.

### G. Evidentiary Hearing

The Court has reviewed Petitioner's petition and declaration and the entire record in this case and holds that the petition must be dismissed. The record conclusively shows that Petitioner is entitled to no relief. No evidentiary hearing is necessary.

### H. Certification of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find

it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Fawsiyo Hassan Farah's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 931] is **DENIED**.

2. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   August 25, 2013            s/ Michael J. Davis
                                    Michael J. Davis
                                    Chief Judge
                                    United States District Court